

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer L. Moss
County Attorney
Wheeler, Texas

Dear Sir:

Opinion No. O-1559
Re: Obligation of home district
to pay transportation charges
for transferred students.

We are in receipt of your letter of October 2, 1939, which reads as follows:

"The trustees of the Magic City School District of Wheeler County have made arrangements with the Wheeler Ind. trustees to transport the Magic City children to the Magic City School and to transport all of the high school children, living in this district, to the Wheeler High School. The Wheeler Ind. Sch. District receives a flat rate from the Magic City District for transporting these children. The Magic City trustees have contracted with the Wheeler Ind. School Board to transfer all high school children to Wheeler. Ten (10) of these high school children have transferred to Shamrock Ind. School District and are attending the Shamrock high school, riding other school buses, which are approved by the County Dept. of Education and State Dept. of Education.

"Now we should like to know who is obligated to pay for the transporting of these students who are attending the Shamrock High School. Magic City School is not a State Aid School."

A further statement discloses that the trustees of the Magic City School District have refused to pay any transportation charges for the children who have seen fit to attend the Shamrock High School, hence the issue presented here arises.

Hon. Homer L. Moss, Page 2

        In your brief, for which we extend our thanks, you point out that Article 2687a, Revised Civil Statutes, 1925, vests authority in the local school trustees to make provision for the transportation of pupils to and from school and that apparently a broad range of discretion is placed in the local trustees in this matter. The costs of furnishing such transportation is paid out of the local maintenance fund of the school district (Art. 2827, R.C.S., 1925) which in some instances and under certain conditions is supplemented by the State out of the school equalization aid appropriation administered by the Department of Education and a Joint Legislative Advisory-Committee.

        Article 2696, Revised Civil Statutes, 1925, which is the general transfer statute, provides that upon proper transfer of a scholastic the State Treasurer shall pay over as directed the per capita apportionment to the receiving district or to the county superintendent for its benefit, but this statute does not refer to or affect the local maintenance funds. Our attention has never been called to a statute requiring a transfer of local maintenance funds to the receiving district unless required tuition charges might be so considered.

        Provision is made elsewhere in the school laws for payment of tuition for pupils who are transferred when their grades are not taught at home, but these statutes do not purport to impose any obligation on the sending district to furnish transportation. See Articles 2678a and 2922l, Revised Civil Statutes, 1925.

        It is our opinion that under the statement submitted by you the Magic City School District may not be required to pay the costs of transporting students from the Magic City School to the Shamrock Independent School District, such students having transferred to the Shamrock High School.

        Apparently your request has been submitted to this Department at the instance of the County Superintendent of Public Instruction. Many of the incidental questions arising out of the transportation of pupils are largely administrative in their nature and are closely associated with the county wide transportation system and equalization aid law. We understand that the Department of Education and the Join Legislative Advisory Committee have promulgated various interpretations and regulations which have been forwarded by the Department of Education to all city and county superintendents. It is quite probable that these administrative directions may further assist the county superintendent. If our opinion herein expressed is not

Hon. Homer L. Loss, Page 3

sufficient to fully settle the controversy, we recommend that further inquiry be first directed to appropriate administrative officials.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *Cecil C. Cammack*
       Cecil C. Cammack
         Assistant

CCC:N

APPROVED NOV 1, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN